Sandford, J.
The counsel for one of the other creditors objected preliminarily that the plaintiff ought to have served on the other creditors, a copy of the debtor’s examination and other papers on which his application is made. The proceeding of the objecting creditor, it was said, was prior in time to the plaintiff’s, and it being in the nature1 of the former judgment creditor’s suit, is prior in right'.
The objection is not well founded. This is a summary proceeding. In theory, the application for a receiver, is made to the judge at the time the examination is taken, founded upon it, without any copy being made by or for either party. The examination is taken in the presence of the judge, and at its conclusion, the defendant being present, the plaintiff moves upon it at once.
This is the usual course. When the examination is directed to be taken before a referee, the application is still made upon the original examination, but the defendant must have notice of the time and place. So in all cases where it appears that other creditors are proceeding against' the debtor in this mode, the code, as amended in July last, requires notice of the application to be given to such creditors. But it requires nothing more. It places the practice on the same footing that it was in the late court of chancery on appointing receivers in creditors’ suits.
The counsel for the judgment debtor objected that the only property claimed to have been discovered, was such as could be taken in execution, and was accessible and open to seizure and sale; and therefore the plaintiff ought to take a new execution and sell the property, leaving its claimants to bring an action to try the title, instead of resorting to a receiver. We have considered the subject, and see no reason to depart from the course pursued under the former system, for which this is a substitute. The title to the property can be tried with as little expense in a suit by a receiver, as in one brought by the adverse , claimants, and the appointment of a receiver will cost quite as little as a new execution and a levy and sale by the sheriff. (All the Justices of the court concurred in the decision made in this case.)